IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANDRE PELE JORDAN, | : |
| Plaintiff, | : |
| VS. | : |
| | : CIVIL NO: 5:20-CV-210 MTT-MSH |
| UNITED STATES OF AMERICA; *et al.*, | : |
| Defendants. | : |

# ORDER

*Pro se* Plaintiff, Andre Pele Jordan, who is currently incarcerated in the Bibb County Law Enforcement Center in Macon, Georgia, has filed a civil action against the United States of America, United States Attorney General William Barr, and Ivanka Trump.[1]  ECF No. 1.  He also filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2.  His motion to proceed IFP is **GRANTED** and his complaint is **DISMISSED** as frivolous under 28 U.S.C. § 1915A(b)(1).

## I.    REQUEST TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security

---

[1] Plaintiff's cause of action is not clear.  The clerk of court construed the action to be brought under 42 U.S.C. § 1983.  William Barr is employed by the Federal Government.  Thus, it could be that Plaintiff seeks to bring an action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Regardless of whether this matter is characterized as § 1983 action, a *Bivens* action, or some other civil action, it is a frivolous civil action filed by a prisoner that must be dismissed in accordance with 28 U.S.C. 1915A(b)(1).

therefor pursuant to 28 U.S.C. § 1915(a).  ECF Nos. 2; 6.  As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.  Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).  The clerk of court is directed to send a copy of this Order to the Bibb County Law Enforcement Center.

The Sheriff or appropriate official at the Bibb County Law Enforcement Center, and any successor custodians, shall each month cause to be remitted to the Clerk of this

Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II.     STANDARD OF REVIEW AND ANALYSIS

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every civil complaint filed by a prisoner who seeks redress from a government entity, official, or employee. See 28 U.S.C. § 1915A(a).   Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*.

Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screenings, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part as stated in Sconiers v. Lockhart*, 946 F.3d 1256, 1259 (11th Cir. 2020); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X*, 437 F.3d at 1110 (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b)(1)-(2).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citations omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (internal quotation marks and citations omitted).

Plaintiff's complaint is rambling and incomprehensible. ECF No. 1. He demands that "the named defendant in this court case," presumably Ivanka Trump as opposed to William Barr, become his "lawfully wedded wife in full honor of the statutory laws in the Central Intelligence Agency." ECF No. 1 at 1. Plaintiff complains that his employer, the Central Intelligence Agency, has previously barred his "request for marriage." *Id*. Plaintiff seems to state that his "civilian status" with the Central Intelligence Agency now puts his request for marriage before the Court. *Id*.

4

The liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios." *Id*. at 328; *Denton v. Harnandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional). Plaintiff's factual allegations "rise to the level of the irrational or wholly incredible" and, therefore, his action is frivolous. *Denton*, 504 U.S. at 33.

Accordingly, Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous.[2]  28 U.S.C. § 1915A(b)(1).

**SO ORDERED** this 17th day of June, 2020.

        s/ Marc T. Treadwell
        MARC T. TREADWELL, JUDGE
        UNITED STATES DISTRICT COURT

---

[2] The Court realizes that dismissal with prejudice under 28 U.S.C. § 1915A is "an extreme sanction to be exercised only in appropriate cases." *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986). This is an "appropriate case[]." *Id*. District courts have the inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc*., 695 F2d 524, 526, 526 n.3 (11th Cir. 1983). This case qualifies for such treatment because Plaintiff's allegations "'are clearly baseless and without arguable merit in fact.'" *Jordan v. Central Intelligence Agency*, No. 5:18-cv-455 (MTT), ECF No. 4 (M.D. Ga. Dec. 5, 2018) (quoting *Bey v. Sec'y, U.S. State Dep't*, 2018 WL 3135153, at *3 (M.D. Fla. 2018)); *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008)).

5